UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD STEPHEN DUFFERT,<br>Plaintiff,<br>v.<br>CITY OF ROSEVILLE, et al.,<br>Defendants. | No. 2:26-cv-2212 TLN AC<br><br>ORDER |

The court is in receipt of plaintiff's motion to appoint counsel. ECF No. 14. Plaintiff is bringing his civil case as a self-represented litigant and has paid the filing fee. ECF No. 1.

**I. Motion**

Plaintiff asks the court to appoint counsel, asserting he suffers from ADHD and has disability-related limitations that impair his ability to litigate this case. ECF No. 14 at 1. Plaintiff argues that his lack of legal training, lack of resources, and the complexity of this case make counsel necessary. Id. at 2. Plaintiff also asks for reasonable accommodation, including clearly written orders, permission to appear remotely, and the ability to ask the Clerk's Office staff about procedural questions. Id.

**II. Discussion**

In civil cases, appointment of counsel for a pro se counsel "is a privilege and not a right." United States ex Rel. Gardner v. Madden, 352 F.2d 792, 793 (9th Cir. 1965) (citation omitted). "Appointment of counsel should be allowed only in exceptional cases." Id. When determining

whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

Having considered the relevant factors, the court finds there are no exceptional circumstances in this case, and that appointment of counsel is not warranted at this time. Plaintiff's case is not overly complex, and a lack of legal training and resources is common to the vast majority of litigants representing themselves. Plaintiff has thus far been able to file this case and respond to motions. Having considered all of the relevant factors, the court concludes appointment of counsel is not appropriate in this case.

Regarding plaintiff's request for accommodations, the undersigned generally conducts routine hearings in civil cases online via Zoom even without a request. In any event, Plaintiff may request to appear remotely at any particular hearing. The undersigned also attempts to issue clear written orders in every case, especially where there is a pro se party. Plaintiff may ask questions of the Clerk's Office, as all litigants may, and staff will respond as they are able and as is appropriate. Court staff cannot answer legal questions or give legal advice, however. Regarding procedure, plaintiff is referred to the Federal Rules of Civil Procedure and the Local Rules of this court, which are available on the court's website: https://caed.uscourts.gov

**Conclusion**

Plaintiff's motion to appoint counsel (ECF No. 14) is DENIED.

IT IS SO ORDERED.

DATED: October 2, 2026

Allison Claire

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE